**FILED**

AUG 1 5 2013

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )  No. **13 CR  0660**
)
v. )  Violations: Title 18, United
)  States Code, Sections 1956(a)(3)(C)
)  and 1956(h); Title 31, United
ADRIANA GALLARDO, )  States Code, Section 5324(a)(3)
aka "Adriana Flores" and "Adi," and )  **JUDGE GRADY**
ANGEL AGUILAR )

MAGISTRATE JUDGE ROWLAND

## COUNT ONE

The SPECIAL SEPTEMBER 2012 GRAND JURY charges:

1.      From in or around September 2012, through in or around January 2013,

in the Northern District of Illinois, Eastern Division and elsewhere,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi," and
ANGEL AGUILAR,

defendants herein, conspired with each other to knowingly conduct a financial

transaction affecting interstate commerce involving property represented to be

proceeds of specified unlawful activity, namely, the felonious buying and selling and

otherwise dealing in a controlled substance, with the intent to conceal and disguise the

nature, location, source, ownership, and control of that property, which they believed

to be the proceeds of the specified unlawful activity, in violation of Title 18, United

States Code, Section 1956(a)(3)(B);

2.      It was part of the conspiracy that defendants GALLARDO and AGUILAR

collected United States currency from Individual A and Individual B, who represented

to defendants GALLARDO and AGUILAR that the United States currency constituted

the cash proceeds of the sale of narcotics. Unbeknownst to GALLARDO and AGUILAR, Individual A was an undercover law enforcement officer, and Individual B was acting at the direction of law enforcement.

3. It was further part of the conspiracy that defendants GALLARDO and AGUILAR, believing that the United States currency received from Individual A and Individual B was the proceeds of the sale of narcotics, deposited and caused those purported drug proceeds to be deposited into Wells Fargo Bank account number XXXXXX9554 (the "9554 Account") for the purpose of concealing and disguising the nature, location, source, ownership, and control of the purported drug proceeds. Unbeknownst to defendants GALLARDO and AGUILAR, the 9554 Account was an undercover bank account controlled by law enforcement.

4. It was further part of the conspiracy that defendants GALLARDO and AGUILAR charged Individual A and Individual B a percentage fee to collect the purported cash drug proceeds and to deposit and cause those funds to be deposited into the 9554 Account.

5. It was further part of the conspiracy that defendants GALLARDO and AGUILAR deposited and caused the purported drug proceeds to be deposited into the 9554 Account in increments under $10,000.01.

6. It was further part of the conspiracy that GALLARDO and AGUILAR misrepresented, concealed, hid, and caused to be concealed and hidden, the purposes of acts done in furtherance of the conspiracy;

In violation of Title 18, United States Code, Section 1956(h).

2

## COUNT TWO

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about August 15, 2012, at Evanston, in the Northern District of Illinois, Eastern Division,

### ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi,"

defendant herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $9,000 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Section 1956(a)(3)(C).

3

**COUNT THREE**

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about August 21, 2012, at approximately 11:59 a.m., at Evanston, in the Northern District of Illinois, Eastern Division,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi,"

defendant herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $7,600 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Section 1956(a)(3)(C).

4

## COUNT FOUR

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about August 21, 2012, at approximately 12:22 p.m., at Niles, in the Northern District of Illinois, Eastern Division,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi,"

defendant herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $7,000 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Section 1956(a)(3)(C).

5

## COUNT FIVE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about October 1, 2012, at Evanston, in the Northern District of Illinois, Eastern Division,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi," and
ANGEL AGUILAR,

defendants herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $8,500 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.

6

## COUNT SIX

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about October 31, 2012, at Evanston, in the Northern District of Illinois, Eastern Division,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi," and
ANGEL AGUILAR,

defendants herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $8,000 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.

7

## COUNT SEVEN

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

On or about November 7, 2012, at Evanston, in the Northern District of Illinois, Eastern Division,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi," and
ANGEL AGUILAR,

defendants herein, with the intent to avoid a transaction reporting requirement under Federal law, did knowingly conduct a financial transaction affecting interstate commerce, namely, the deposit of $4,000 into the 9554 Account, which involved property represented to be the proceeds of a specified unlawful activity, that is, the felonious buying and selling and otherwise dealing in a controlled substance;

In violation of Title 18, United States Code, Section 1956(a)(3)(C) and 2.

8

## COUNT EIGHT

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.     At times material to this indictment:

A.     Title 31, United States Code, Section 5313(a) and its related regulations, set forth at Title 31, Code of Federal Regulations, Sections 1010.310 through 1010.314, required a domestic financial institution to prepare and file with the Financial Crimes Enforcement Network a Currency Transaction Report ("CTR") for any transaction involving currency of more than $10,000. Information reported on CTRs included the names and addresses of the person conducting the transaction and the individuals or entities on whose behalf the transaction was made. Information reported on CTRs was used in criminal, tax, and regulatory investigations and proceedings.

B.     Wells Fargo Bank was a domestic financial institution subject to the Currency Transaction Reporting requirements described in the preceding paragraph.

2.     Beginning on or about August 6, 2012, and continuing through on or about August 21, 2012, at Evanston, Niles, and Westchester, in the Northern District of Illinois, Eastern Division and elsewhere,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi,"

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder,

9

structured and assisted in structuring transactions at Wells Fargo Bank by depositing and causing the deposit of approximately $41,600 in United States currency in five separate transactions, each in an amount under $10,000.01, as set forth below:

| Date | Number of Deposits | Amount of Each Deposit | Total Deposited |
|------|--------------------|------------------------|-----------------|
| August 06, 2012 | One | $8,500 | $8,500 |
| August 15, 2012 | One | $9,000 | $9,000 |
| August 20, 2012 | One | $9,500 | $9,500 |
| August 21, 2012 | Two | $7,600 $7,000 | $14,600 |

In violation of Title 31, United States Code, Section 5324(a)(3).

10

## COUNT NINE

The SPECIAL SEPTEMBER 2012 GRAND JURY further charges:

1.    The allegations contained in Paragraph 1 of Count Eight of this indictment are realleged and incorporated as if fully set forth herein.

2.    Beginning on or about September 25, 2012, and continuing through on or about November 7, 2012, at Evanston, Niles, and Westchester, in the Northern District of Illinois, Eastern Division and elsewhere,

ADRIANA GALLARDO,
aka "Adriana Flores" and "Adi,"

defendant herein, knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and regulations prescribed thereunder, structured and assisted in structuring transactions at Wells Fargo Bank by depositing and causing the deposit of approximately $122,200 in United States currency in 16 separate transactions, each in an amount under $10,000.01, as set forth below, and did so as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period commencing on or about September 25, 2012:

| Date | Number of Deposits | Amount of Each Deposit | Total Deposited |
|------|--------------------|-----------------------|-----------------|
| September 25, 2012 | One | $8,500 | $8,500 |
| October 01, 2012 | One | $8,500 | $8,500 |
| October 05, 2012 | One | $9,000 | $9,000 |
| October 9, 2012 | One | $8,000 | $8,000 |
| October 12, 2012 | One | $9,500 | $9,500 |

11

| October 16, 2012 | Two | $9,000 | $17,000 |
| | | $8,000 | |
| October 17, 2012 | One | $9,000 | $9,000 |
| October 18, 2012 | One | $5,000 | $5,000 |
| October 22, 2012 | Three | $6,500 | $22,000 |
| | | $7,000 | |
| | | $8,500 | |
| October 26, 2012 | One | $6,000 | $6,000 |
| October 31, 2012 | One | $8,000 | $8,000 |
| November 7, 2012 | Two | $7,700 | $11,700 |
| | | $4,000 | |

In violation of Title 31, United States Code, Section 5324(a)(3).

12

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2012 GRAND JURY further alleges:

1.      The allegations contained in Counts One through Seven of this Indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2.      As a result of her violations of Title 18, United States Code, Section 1956 , as alleged in the Indictment,

### ADRIANA GALLARDO
#### aka "Adriana Flores" and "Adi,"

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 982(a)(1), any and all right, title and interest in property, real and personal, involved in such offenses, or any property traceable to such property.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section, 982(a)(1), include, but are not limited to, funds in the amount of approximately $77,010.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

        (a)     Cannot be located upon the exercise of due diligence;

        (b)     Has been transferred or sold to, or deposited with, a third party;

        (c)     Has been placed beyond the jurisdiction of the Court;

        (d)     Has been substantially diminished in value; or

13

(e)    Has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property,

under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(1).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY


14