IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
      )
      Plaintiff,    )
      v.    )
      )    13 CR 660
ANGEL AGUILAR,    )    The Honorable Judge
      )    Amy J. St. Eve
      )
      Defendant    )

**ANGEL AGUILAR'S RESPONSE TO GOVERNMENT'S MOTION TO ADMIT
EVIDENCE REGARDING DRUG SALES AND OTHER 404(b) EVIDENCE**

Now comes Defendant, ANGEL AGUILAR, through his counsel JOSHUA B. ADAMS,

respectfully submits this Response to the government's motion to admit evidence of drug sales

and other phone calls pursuant to F.R.E. 404(b). In support of his Response, Mr. Aguilar states

the following.

**I. Background**

The government filed a motion in limine to admit recorded conversations between Ms.

Gallardo and the undercover agent after the alleged crime occurred. (Dkt #70). Notably, none of

the proffered phone calls are direct evidence of Mr. Aguilar's guilt. Instead, these calls, as well

as the remainder of the phone conversations between Ms. Gallardo and the informant are

inadmissible propensity evidence under F.R.E. 404(b). The vast majority of the government's

evidence in its proffer has little to nothing to do with Mr. Aguilar. Additionally, the government

identifies other phone calls between Ms. Gallardo and the undercover agent as admissible 404(b)

evidence. Specifically, the government wishes to introduce a conversation between Ms.

Gallardo and the undercover agent regarding a proposed drug purchase. Gov. Mot. in Limine, at

9. This has nothing to do with Angel Aguilar.

The government's motion to use these calls as both direct evidence of the charged

conduct and as 404(b) evidence raises two substantial problems.  First, the evidence the

government attempts to introduce under 404(b) is: (a) propensity evidence as to Mr. Aguilar; (b)

irrelevant to any legitimate purpose under Rule 404(b); (c) unduly prejudicial under Rule 403;

and (d) speculative and unfounded about a proposed drug purchase after the alleged crime in this

case occurred.

Second, and specifically to Mr. Aguilar, the government's attempt to introduce a plethora

of recordings between Ms. Gallardo and the informant and/or the undercover agent creates the

very real possibility that Mr. Aguilar will suffer serious and undue prejudice by the "spill-over"

effect of that evidence.

## II.  Applicable Law

### 1.  Propensity evidence is never admissible

FRE 404(b) "prohibits the admission of evidence of "prior bad acts to show that the

defendant's character is consistent with a propensity to commit the charged crime. . ." *United

States v. White*, 698 F.3d 1005, 1017-18 (7th Cir. 2012).  However, Rule 404(b) "allows the

court to admit evidence of a defendant's prior acts for other, permissible, nonpropensity

purposes." *Id*.  F.R.E. 404(b) generally precludes the introduction of evidence to establish "other

acts" not charged in the indictment.

The Seventh Circuit recently restated the ways in which other crimes evidence is admitted

against a defendant in a criminal case.  *See United States v. Gomez*, 763 F.3d 845, 853 (7th Cir.

2014).   The court abandoned the four-part test in "favor of a more straightforward rules-based

approach. This change is less a substantive modification than a shift in paradigm that we hope

will produce clarity and better practice in applying the relevant rules of evidence." *Id.*

Now, the "importance of testing for similarity and recency will depend on the specific purpose for which the other-act evidence is offered. The proponent of the other-act evidence should address its relevance directly, without the straightjacket of an artificial checklist." *United States v. Gomez*, 763 F.3d at 854. Rule 404(b) is "not just concerned with the ultimate conclusion, but also with the chain of reasoning that supports the non-propensity purpose for admitting the evidence." *Id.* In other words, the admission of the government's proposed evidence is not "supported by some propensity-free chain of reasoning." *Gomez*, 763 F.3d at 854; (quoting *United States v. Lee*, 724 F.3d 968, 976-77 (7th Cir. 2013)).

Furthermore, the Seventh Circuit has cautioned that "this is not to say that other-act evidence must be excluded whenever a propensity inference can be drawn; rather, Rule 404(b) excludes the evidence if its relevance to "another purpose" is established *only* through the forbidden propensity inference." *Gomez*, 763 F.3d at 856. The district court "should not just ask *whether* the proposed other-act evidence is relevant to a non-propensity purpose but *how* exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference. Careful attention to these questions will help identify evidence that serves no permissible purpose." *Id*; *see also Lee*, 724 F.3d at 976-77

2. **The government's intended purpose is to merely show Mr. Aguilar's propensity to commit money laundering.**

None of these exceptions to Rule 404(b) are present in Mr. Aguilar's case. In fact, Rule 404(b) does not mean evidence is automatically admissible. Relevancy and unfair prejudice must be weighed against the proposed evidence. *See United States v. Beasley*, 809 F.2d 1273, 1279 (7th Cir. 1987). Otherwise, "the list of exceptions in Rule 404(b), if applied mechanically, would overwhelm the central principle." *Id.*

The proposed evidence here, i.e., phone calls and in person conversations between Ms. Gallardo, the informant and/or the undercover agent does nothing more than to show the jury that because Mr. Aguilar worked for his mother at the currency exchange, he must have known that the deposits he made were proceeds from a drug sale.

The government's position with respect to this proposed 404(b) evidence is curious. How does evidence of phone calls about a future drug transaction, that may or may not occur fall within any of the enumerated exceptions of Rule 404(b)? How does this evidence show Mr. Aguilar's intent, lack of mistake, or identity in this case? The only ineluctable conclusion this court can arrive to is that this evidence is merely offered to show Mr. Aguilar's propensity; if his mother agreed to purchase drugs at some point after the charged conduct in this case, then he must have committed some illegal act previously. It is impossible to detach the propensity related inference this evidence creates, from any relevant, non-prejudicial impact it may have on the jury.

WHEREFORE, Mr. Aguilar respectfully requests that this honorable court deny the government's motion in limine to admit phone calls and conversations between Ms. Gallardo, the confidential informant, and/or the undercover agent.

Respectfully submitted

/s/ Joshua B. Adams
Joshua B. Adams
Counsel for Angel Aguilar

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS
53 W. Jackson Blvd., Suite 1651
Chicago, IL 60604
312-566-9173